UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METX, LLC, et. al.,<br>　　PLAINTIFFS,<br><br>VS.<br><br>WAL-MART STORES TEXAS, LLC, et. al.,<br>　　DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 2:13-CV-547 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**1. COMES NOW**, METX, LLC, Saleem Assaf, Roger Garcia, Scott Simpson, Debby Taylor, and Larry Taylor, on behalf of themselves and all other members of the class herein (hereinafter referred to as "Plaintiffs") respectfully ask this Honorable Court to certify this case as a class action under FEDERAL RULES OF CIVIL PROCEDURE 23, appoint Plaintiffs' counsel to serve as counsel for the class, and authorize notice to the class of the pending action and of the right to opt-out under FED. R. CIV. P. 23(d)(2) and, in support file this Original Complaint against WAL-MART STORES TEXAS, LLC and WAL-MART STORES, INC., hereinafter referred to as Defendants.

**2.** Plaintiffs further complain of any and all partnerships, unincorporated associations, private corporations, and/or individuals doing business in the State of Texas, as:

　　a. WAL-MART STORES TEXAS, LLC;

　　b. WAL-MART STORES TEXAS, LP;

　　c. WAL-MART STORES TEXAS 2007, LLC;

    d.  WAL-MART TEXAS LICENSING HOLDINGS, LLC;

    e.  WAL-MART STORES EAST, L.P;

    f.  WAL-MART STORES EAST I, LP;

    g.  WSE MANAGEMENT, L.L.C.;

    h.  WSE INVESTMENT, L.L.C.;

    i.  WAL-MART STORES, INC.; and

    j.  WAL-MART.COM USA, LLC.

All of the forgoing persons other than Plaintiffs are herein referred to as "Defendants." Plaintiffs assert this action in support of which Plaintiff respectfully shows the following:

## I.

### PARTIES & POTENTIAL PARTIES UNDER RULE 28

3. Plaintiff METX, LLC is a domestic limited liability company, incorporated in Woodway, McLennan County, Texas.

4. Plaintiff Saleem Assaf is an individual, residing in Austin, Travis County, Texas.

5. Plaintiff Roger Garcia is an individual, residing in Marshall, Harrison County, Texas.

6. Plaintiff Scott Simpson is an individual, residing in Livingston, Polk County, Texas.

7. Plaintiff Deborah Taylor is an individual, residing in San Antonio, Bexar County, Texas.

8. Plaintiff Larry Taylor is an individual, residing in San Antonio, Bexar County, Texas.

9. Defendant WAL-MART STORES TEXAS, LLC is incorporated under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. Wal-Mart is an international retail, club, and grocery store chain with over 4,500 stores and clubs in the United States, including 408 stores in Texas. This foreign corporation is duly formed and qualified to do and is doing business under the laws of the State of Texas, and may be served with citation in

this action by serving its registered agent, C T Corporation Company, 350 N. St. Paul St., Ste. 2900, Dallas, Texas, 75201-4234, USA.

**10.** Defendant WAL-MART STORES, INC. is incorporated under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. Wal-Mart is an international retail, club, and grocery store chain with over 4,500 stores and clubs in the United States, including 408 stores in Texas. This foreign corporation is duly formed and qualified to do and is doing business under the laws of the State of Texas, and may be served with citation in this action by serving its registered agent, C T Corporation Company, 350 N. St. Paul St., Ste. 2900, Dallas, Texas, 75201-4234, USA.

**11.** The true name or names of any and all partnerships, unincorporated associations, private corporations and/or individuals doing business under the assumed names noted above as "Defendants," if different than the names alleged herein, will be substituted in this lawsuit when such true name or names become known.

## II.

### JURISDICTION & VENUE

**12.** Jurisdiction in this Court is based on 28 U.S.C. § 1332 because diversity of citizenship jurisdiction is conferred as to foreign nationals and the amount in controversy exceeds $75,000.

**13.** This Court has jurisdiction over the subject matter of this case because at least one named plaintiff meets the amount in controversy, which exceeds the jurisdictional requirements. Supplemental jurisdiction shall govern the remaining named Plaintiffs in this claim. Plaintiffs seek injunctive relief, and Defendants caused and continue to cause events and conduct giving rise to claims stated herein, within the State of Texas.

14. Additionally, this Court has personal jurisdiction over Defendants, because it: (1) regularly conducts business in the State of Texas; (2) has purposefully availed itself of the benefits of conducting business in the State of Texas; and (3) Plaintiffs' causes of action in this matter arise from or relate to Defendants' sale of hearing aids, classified as such pursuant to FDA Regulations, 21 CFR 801.420 and 874.3300, and 21 U.S.C. § 360c(a).

15. Venue over this case, pursuant to 28 U.S.C. § 1391, is proper in the Eastern District of Texas because a substantial part of the events giving rise to this claim occurred in said district.

### III.

#### BACKGROUND FACTS & INTRODUCTION

16. The Texas Hearing Aid Association, Inc. ("THAA") is a not-for-profit trade association of the professionals licensed by the Texas Department of State Health Services to fit and dispense hearing aid devices in the State of Texas. The association's membership is comprised of licensed dispensers under Chapter 402 of the TEXAS OCCUPATIONS CODE, who are licensed by the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments (Committee). It is the mission of the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments "to protect and promote public health and welfare by developing and enforcing licensure rules and regulations for hearing instrument fitters and dispensers."[1] "This will ensure the hearing impaired of Texas continue to receive proper hearing healthcare from professional licensees when seeking to purchase hearing aids."[2]

---

[1] THAA, *Response of the Texas Hearing Aid Association, Inc. to Sunset Commission Report Concerning State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments and the State Board of Examiners for Speech-Language Pathology and Audiology*, 2011.

[2] State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments, *Report to the 82nd Legislature*, February 2011.

**17.** This action is brought by Plaintiffs as a class action on their own behalf and on behalf of all others similarly situated, pursuant to Rule 23(a) and Rule 23(b)(1)-(3) of the FEDERAL RULES OF CIVIL PROCEDURE. The class, so represented by the Plaintiffs in this action, and of which the Plaintiffs are members, consists of licensed fitters and/or dispensers of hearing aid devices in the State of Texas.

**18.** The exact number of members of this class, as herein identified and described is not known, but Plaintiffs estimate that there are no less than 581 licensed fitters and dispensers lawfully dispensing hearing aid devices in the State of Texas. The class is so numerous that joinder of individual members is impracticable.

**19.** There are common questions of law and fact in this action that affect the rights of each member of the class and the relief sought is common to the entire class, namely, whether Defendants may bypass State law and corresponding public policy for its own monetary benefit.

**20.** The claims of the Plaintiffs who are representatives of the class herein are typical of the claims of the class, in that the claims of all members of the class, including Plaintiffs, depend on the showing of the acts of the Defendants giving rise to the right of the Plaintiffs to the relief sought herein. There is no conflict between any named Plaintiffs and other members of their class with respect to this action, or with respect to the claims herein set forth.

**21.** Defendants—corporations—are not licensed to sell, lease, or rent hearing aids to any member of the consuming public, according to the Federal Food and Drug Administration, per Title 21, Volume 8, Chapter 1, Part 801, Subpart H of the Code of Federal Regulations, §§ 801.420(3) and (5) and the TEXAS OCCUPATIONS CODE Title 3, Subtitle G, Chapter 402, Subchapter A, §§ 402.001(4) and (7).

22. The fitting and dispensing of hearing instruments, according to TEX. OCC. CODE § 402.001, is the measurement of human hearing by the use of an audiometer or *other means* to make selections, adaptations, or sales of hearing instruments.

23. Based on this definition and Defendants' device selection charts, found on the hearing aid displays within Defendants' retail stores, Defendants are measuring hearing by *other means*. In providing the device selection charts to customers, so that they might be able to evaluate the extent of their hearing abilities, so as to allow them to more accurately choose a hearing aid device available for purchase on behalf of Defendants, Defendants are measuring human hearing by the use of *other means* to make selections and sales of hearing instruments at their stores without a license.

24. In doing so, Defendants are also violating TEX. OCC. CODE § 402.201, which provides that a person may not represent that the person is authorized to fit and dispense hearing instruments, or use in connection with the person's name any designation tending to imply that the person is authorized to engage in the fitting and dispensing of hearing instruments, unless the person holds a license or is otherwise authorized to do so under this chapter. By providing information and recommendations, as well as device selection charts to customers, Defendants are representing that they are licensed to engage in the practice of fitting and dispensing hearing aid devices within the State of Texas, when in fact, they have not been authorized to do so.

25. Defendants through their actions, also violate TEX. OCC. CODE § 402.406, which maintains that a person who owns, maintains, or operates an office or place of business in which the person employs or engages under contract a person who practices the fitting and dispensing of hearing instruments is considered to be practicing the fitting and dispensing of hearing instruments under this chapter and is *required to be licensed* under this chapter . . . . (a) (b) . . . .

If the person who owns, maintains, or operates an office or place of business under this section is a corporation or other legal entity, the chief executive officer of the corporation or entity must be licensed as provided by this section. Per Subchapter J, § 402. 451(a)(4), a person may not falsely impersonate a license holder.

26. Additionally, Defendants are not exempt from the rules and regulations under the prevailing law because they do not qualify under the exceptions set out. TEX. OCC. CODE §402.003. Thus, these Defendants, who sell hearing aid devices, function as retailers and therefore, are considered to be dispensers of hearing instruments.

27. Lastly, Defendants are in violation of the applicable law because not only do they falsely represents that they are authorized to dispense hearing instruments by allowing their entities and employees to sell, i.e. dispense, hearing aid devices in the State of Texas, but they are also not licensed to dispense hearing instruments and have not filed security with the committee pursuant to the TEX. OCC. CODE § 402.404.

28. In the present matter, the putative class members will assert claims for tortious interference with prospective relations and unjust enrichment. The common issues that affect all class members include, but are not limited to, whether Defendants sold hearing aid devices without the proper licensing, and whether Defendants were unjustly enriched. Each of these issues is independently sufficient to satisfy commonality.

29. The named Plaintiffs are the representatives for the class, and are able to, and will fairly and adequately protect the interests of the class. The attorneys for the Plaintiffs are experienced and capable in the field of complex business litigation and have successfully represented claimants in other matters of this nature. Of the attorneys designated as counsel for the Plaintiffs, Mr. William H. Chamblee will actively conduct and be responsible for Plaintiffs' case.

# IV.

## CAUSES OF ACTION

**A.**   ***Tortious Interference with Prospective Relations***

30. To bring a claim for tortious interference with prospective business relations, there must be a reasonable probability that the plaintiffs would have entered into a business relationship with a third person; defendants must have intentionally interfered with the relationship; Defendants' conduct must have been independently tortious or unlawful; the interference must have proximately caused plaintiffs' injuries; and plaintiffs must have suffered actual damages or loss. In the present case, all of the above has occurred.

31. Plaintiffs incorporate by reference the factual allegations contained in Section III.  It is not necessary for Plaintiffs to establish that the contract would have been made but for the interference, rather Plaintiffs need only show that the formation of a contract was reasonably probable, considering all of the facts and circumstances. *Verkin v. Melroy,* 699 F.2d 729, 732 (5th Cir.1983)(quoting *Martin v. Phillips Petroleum Co.,* 455 S.W.2d 429, 435 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ)); *In re TXCO Res., Inc.,* 475 B.R. 781, 828 (Bankr. W.D. Tex. 2012).

32. Defendants intentionally interfered with the formation of the relationship between Plaintiffs and third parties because Defendants desired to bring about the interference or knew the interference was certain or substantially certain to occur as a result of the conduct. *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 863 (N.D. Tex. 2009). Defendants knew they were required under the laws of the State of Texas to become licensed in order to dispense hearing instruments throughout their stores located in Texas, yet, unlike all Plaintiffs, Defendants failed to take all necessary steps to ensure their ability to do so. Ignorance of the law is no excuse.

33. Defendants violated the applicable statute when it failed to get the proper licensure required by the State in order to dispense hearing aid devices. Defendants continue to violate such rules and regulations each and every time that they sell a hearing aid to the general public. Plaintiffs have followed the applicable law; the applicable law was put in place to protect persons and entities like those named as Plaintiffs and those unnamed within the class. Yet, Plaintiffs have been and are being irreparably harmed by this injustice and could potentially face loss of their businesses all together if Defendants, who comprise a multi-billion dollar corporation, are not put to a stop. Plaintiffs' injuries are a proximate cause of Defendants' actions.

34. Defendants' actions constitute tortious interference with prospective relations. Defendants have misappropriated and intentionally interfered with Plaintiffs' business by diverting business to itself for its own financial benefit. Defendants have intentionally attempted to and are competing with Plaintiffs, which has proximately caused damages to Plaintiffs and will continue to do so, until they are properly licensed to dispense hearing instruments in the State of Texas.

B.   *Unjust Enrichment Based on Fraud*

35. To bring an action claiming unjust enrichment there must be a complete diversity of parties, as there is here, and an individual must claim that the defendant was enriched in an amount sufficient to satisfy the amount-in-controversy requirement of the diversity statute, $75,000. 28 U.S.C.A. § 1332(a).

36. Texas courts follow the "most significant relationship" test when determining choice of law. *Casa Orlando Apartments, Ltd. V. Fed. Nat. Mortg. Ass'n*, 624 F.3d 185 (5th Cir. 2010). Texas courts grant relief on unjust enrichment claims, and such claims can survive a motion to

dismiss for failure to state a claim under the FEDERAL RULES OF CIVIL PROCEDURE. *Prophet Capital Management, Ltd. V. Prophet Equity, LLC,* 2009 WL 3199115, at * 2 n.2 (W.D. Tex. Sept. 25, 2009).

37. Plaintiffs incorporate by reference the factual allegations contained in Section III. Defendants' actions constitute unjust enrichment in that it wrongfully procured clients that otherwise could have and/or would have been cared for by Plaintiffs. The money from such pursuits in equity and good conscience belong to Plaintiffs. Defendants have been unjustly enriched by dispensing hearing instruments without authorization to do so and in violation of the law. Defendants took advantage of Plaintiffs and/or capitalized on its own wrongdoing, proximately causing damages to Plaintiffs. Accordingly, Defendants should turnover all such wrongfully held monies. Defendants will be unjustly enriched if allowed to retain the benefits conferred upon it without payment of a reasonable value of such benefits, which were procured through improper conduct and at Plaintiffs' expense. Accordingly, as a proximate result of Defendants' actions, Plaintiffs have suffered damages far in excess of the minimal jurisdiction limits of this Court.

38. Defendants are liable to Plaintiffs for disgorgement for all compensation received or earned from sales of hearing devices.

## V.

### JURY DEMAND

Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with FED. R. CIV. P. 38, a trial by jury on all issues.

# VI.

## DAMAGES

### A. Disgorgement of Unjust Profits

39. Plaintiffs incorporate by reference the factual allegations contained in Section V. As a result of Defendants' unlawful actions, Plaintiffs have suffered actual damages. Plaintiffs seek payment of lost revenue suffered for the sale of each hearing aid device sold by Defendants. This amount exceeds the minimum jurisdictional limit of this Court.

### B. Lost Profits

40. Plaintiffs incorporate by reference the factual allegations contained in Section III. As a result of Defendants' unlawful actions, Plaintiffs have suffered lost profits. Plaintiffs seek payment of lost profits suffered for the sale of each hearing aid device sold by Defendants.

### C. Loss of Goodwill

41. Plaintiffs incorporate by reference the factual allegations contained in Section III. As a result of Defendants' unlawful actions, Plaintiffs have suffered loss of goodwill. Plaintiffs seek payment for such loss of goodwill.

### D. Loss of Market Share

42. Plaintiffs incorporate by reference the factual allegations contained in Section III. As a result of Defendants' unlawful actions, Plaintiffs have suffered loss of market share. Plaintiffs seek payment for such loss suffered.

### E. Nominal Damages

43. Plaintiffs incorporate by reference the factual allegations contained in Section III. As a result of Defendants' unlawful actions, Plaintiffs have suffered nominal damages. Plaintiffs seek payment for such nominal damages suffered.

*F. Attorneys' Fees*

44. Pursuant to Section 23(h) of the FED. R. OF CIV. P., 28 U.S.C.A § 2201, and TEX. CIV. PRAC. & REM. CODE §§ 37.001-37.011, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees and costs associated with prosecuting this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs requests that Defendants be cited to appear and answer herein, and that on final trial, the Plaintiffs have judgment against the Defendants as follows:

1. Temporary injunction against Defendants;

2. A permanent injunction be ordered on final trial of this cause enjoining Defendants from the conduct described in Plaintiffs' Application for Temporary and Permanent Injunction;

3. General damages in a sum within the jurisdictional limits of this Court;

4. Prejudgment interest as provided by law;

5. Post-judgment interest as provided by law;

6. Attorneys' fees;

7. Costs of suit; and

8. Such other and further relief to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**CHAMBLEE, RYAN, KERSHAW & ANDERSON P.C.**

By: /s/ William H. Chamblee
    **William H. Chamblee**
    State Bar No. 04086100

2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (facsimile)
whchamblee@chambleeryan.com

**ATTORNEY FOR PLAINTIFFS**