IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| METX, LLC, ET AL. § | |
|     Plaintiffs § | |
| § | |
| V. § | No. 2:13CV547 |
| § | |
| WAL-MART STORES TEXAS, LLC, ET § | |
| AL. § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs METX, LLC, Saleem Assaf, Roger Garcia, Scott Simpson, Debby Taylor, and Larry Taylor, on behalf of themselves and all other members of the proposed class ("Plaintiffs") filed objections to the June 13, 2014 Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of the magistrate judge's findings and conclusions.

## I. BACKGROUND

Plaintiffs are licensed fitters and/or dispensers of hearing aid devices in the State of Texas. Plaintiffs have brought suit, on behalf of themselves and all other members of the class, against the Wal-Mart Defendants ("Defendants") for fitting and/or dispensing hearing instruments in their Texas stores in violation of Texas Occupation Code Chapter 402 and the Texas Administrative Code 22 § 141.16 (the "Texas Hearing Aid Statute"). *See* Am. Compl., ¶¶ 21-27.

On August 27, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), primarily asserting federal law preempts the Texas Hearing Aid Statute.

According to Defendants, the Food, Drug, and Cosmetic Act ("FDCA") and related Food and Drug Administration ("FDA") regulations expressly preempt state law requirements regarding medical devices that are "different from, or in addition to" federal requirements. *See* 21 U.S.C. § 360k(a). Defendants argue the Texas Hearing Aid Statue imposes such additional state law requirements and is thus preempted. Defendants further asserted Plaintiffs' claims for tortious interference and unjust enrichment should also be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

In the June 13, 2014 Report and Recommendation, the magistrate judge recommended Defendants' motion to dismiss be granted in part and denied in part. Specifically, the magistrate judge recommended Plaintiffs' claims that Defendants violated the Texas Hearing Aid Statute be dismissed with prejudice, finding the hearing aid provisions contained within the Texas Administrative Code are expressly preempted by federal law. The Court further recommended Plaintiffs be ordered to amend their complaint with more details as to their tortious interference and unjust enrichment based on fraud claims.

## II. OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiffs filed objections to magistrate judge's report, asserting she erred as follows: (1) determining that Texas Administrative Code § 141.16(a)(2) is preempted by federal law; (2) engaging in statutory construction and assuming restrictions that are not contained in the Texas Administrative Code; (3) assuming that even though not expressly required by the Texas Hearing Aid Statute, an audiological examination is required under the Texas Statute; and (4) relying on a 2007 Texas AG opinion which was based on a prior version of the Texas Administrative Code that did not contain a waiver provision. According to Plaintiffs, Texas' regulations are "substantially identical" to the federal regulations with regard to the sale of hearing aid devices and are not

2

preempted. *See* 21 CFR § 808.1(d)(2).

### III. *DE NOVO* REVIEW

The magistrate judge's determination that the Texas regulations are preempted was based on three independent grounds, any one of which demonstrates the Texas statutory provisions are "different from and in addition to" the federal counterparts relating to the "safety and effectiveness" of hearing aids. First, the Texas regulations require a consumer to seek out a physician "duly licensed by the Texas Medical Board who specializes in diseases of the ear" to perform a medical evaluation, rather than merely a "licensed physician" as mandated by federal law. (Report and Recommendation at pg. 16). Second, the Texas medical evaluation waiver provision, which is made applicable to licensed "fitters and dispensers," is materially different from its federal counterpart, which permits sales by a "hearing aid dispenser" who is not required to be licensed. *Id*. at pgs. 17-18. Third, the Texas licensure provisions that a "fitter and dispenser" must perform "fitting services" in the form of a non-waivable "audiological evaluation" are different from federal regulations that do not require any audiological exam. *Id*. at pg. 15.

The arguments raised by Plaintiffs in their objections were carefully considered and rejected by the magistrate judge in her 23-page Report and Recommendation. For the reasons outlined therein, the Court also finds the Texas regulations are not substantially identical to the federal regulations because they impose requirements applicable to a medical device that are different from and in addition to the federal requirements.

Plaintiffs' objections are without merit. The Court is of the opinion that the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is

hereby

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)(Dkt. No. 14) is hereby **GRANTED IN PART and DENIED IN PART**. It is further

**ORDERED** that Plaintiffs' claims that Defendants violated the Texas Hearing Aid Statute are dismissed with prejudice. It is further

**ORDERED** that Plaintiffs shall amend their complaint, within twenty days from the date of entry of this Order, with more details as to their tortious interference and unjust enrichment based on fraud claims. Plaintiffs shall also delete any preempted claims.

**It is SO ORDERED.**

**SIGNED this 29th day of July, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE